# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and others similarly situated, | Case No. 2:25-cv-10985-LJM-CI |
| Plaintiff, | Hon. Laurie J. Michelson<br>Mag. Curtis Ivy, Jr. |
| v. | |
| CREDIT ACCEPTANCE CORPORATION, | |
| Defendant. | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.       **Plaintiff Fails to Plausibly Allege Use of "Prerecorded Voice" Message.**

Credit Acceptance's Motion to Dismiss/Strike (ECF No. 13, "Motion") shows how Plaintiff's First Amended Complaint (ECF No. 12, "FAC") is chock full of conclusory allegations simply parroting the statutory text and case law, which are insufficient to state a claim under the "prerecorded voice" provisions in Section 227(b) of the TCPA and avoid a dismissal under Rule 12(b)(6). *See* ECF No. 13, PageID.104-112. Her Response to the Motion (ECF No. 15) fails to refute this in several ways:

**First**, beyond improperly attempting to amend her defective allegations by interjecting new unpled "facts" in her brief (*see* ECF No. 13, PageID.143, n.4), which of course this Court may not consider here,[1] Plaintiff's Response does not address Credit Acceptance's argument regarding the many internally inconsistent and directly contradictory (and thus inherently implausible) allegations in the FAC in this regard. As the Motion shows, these allegations on the whole indicate that *Plaintiff "spoke with" a live person during the only call at issue in this case*, which belies any reasonable (or, indeed, any plausible) inference the call was "prerecorded" and alone warrants dismissal of her entire FAC under applicable law. *See* ECF No. 13, PageID.109-112 (citing, *inter alia*, *Anderson*, *Aaronson*, *Duran, Macy's, Int'l IP Holdings, Williams, Hernandez*). Plaintiff does not mention these authorities, distinguish them, or cite applicable contrary authorities. Why she did not is because

---

[1] *See, e.g., Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020).

1

she cannot reconcile these contradictions—plainly, a live call is not a prerecorded call by any definition—and the law is clear that this Court need not accept such deeply flawed allegations as true when ruling on a motion under Rule 12(b)(6). *See id.*

In any event, by not addressing this key argument in her Response, Plaintiff has effectively conceded it and, thus, that her FAC should be dismissed. *See, e.g., Buckner v. JPMorgan Chase Bank, N.A.*, 2025 WL 1707302, at *3 (W.D. Ky. June 18, 2025) ("It is well settled law that a plaintiff waives her claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss…."); *Rouse v. Caruso*, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011) (ruling similarly); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims plaintiffs failed to respond to in opposition to defendant's motion to dismiss, noting that "[a] plaintiff abandons undefended claims."); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming similar district court ruling).

**Second**, the Response also fails to address Credit Acceptance's argument regarding the fundamental distinctions between an "artificial" and a "prerecorded" voice, which are not synonymous terms under the TCPA. The Motion shows how Plaintiff's failure to differentiate between these vastly different forms of technology in her FAC or to specify which she contends was used in this case underscores its many facial pleading defects on this front. *See* ECF No. 13, PageID.106-108. Thus, Plaintiff has conceded this point, as well. *See Buckner, Rouse, PNC,* and *Doe, supra.*

**Third**, the Response relies significantly on the undated partial call recording posted anonymously on the third party website cited in the FAC. *See* ECF No. 15, PageID.143 (citing ECF No. 12, ¶ 24, PageID.78). However, Plaintiff tries to replead her faulty allegations in this regard as well, arguing for the first time in her brief that only the "***first sentence*** of the March 4, 2025 message" at issue is "identical" to the one on this website, which is not what her FAC says. *Id*. (emphasis added). Again, the Court must reject this improper argument on its face. *See Bates,* 958 F.3d at 483.

Yet, even if the Court considers this new unpled "fact," it does not explain how Plaintiff could possibly learn that the call "was intended for a [specific] person named Cornelius," she "spoke with one of Defendant's representatives," or "Defendant's representative apologized" to her during the one call at issue here, as she does allege (ECF No. 12, ¶¶ 33, 42, 42, PageID.79-80), ***if the call was anything other than a live call***.[2] In sum, these inconsistent and directly contradictory allegations do not move the needle on her TCPA claim from merely "conceivable" to "plausible" as the *Iqbal*/*Twombly* pleading standard requires, but rather move it toward "impossible."

**Fourth**, Plaintiff's cited authorities on this point are readily distinguishable. On the one hand, none involved a situation where, like here, the plaintiff expressly alleged she only "spoke with" a ***live person*** during the one call at issue, without pleading any

---

[2] Plaintiff's Response confirms it was a live call, asserting the caller "apologized" to her. ECF No. 15, PageID.148. A prerecorded voice obviously cannot apologize.

other non-conclusory and non-contradictory facts supporting an inference the call was prerecorded. On the other, the facts in each case Plaintiff cites are much different than those pled here, and several are just poorly-reasoned unpersuasive outlier decisions.

This Court's ruling in *Chapman v. Nat'l Health Plans & Benefits Agency, LLC,* upon which Plaintiff heavily relies, is a prime example. *See* 619 F. Supp. 3d 788, 790, 796–97 (E.D. Mich. 2022). There, the plaintiff alleged that her husband answered the call, the caller "asked if the call recipient was interested in a family or individual quote and requested an automated response" but apparently did not ask for a specific person, and the husband was "transferred" to a live person after responding to "automated prompts" from the caller, thus "implying that earlier … he was not talking to a live person." *Id*. Plaintiff's FAC alleges none of this here, rendering *Chapman* inapposite.

Plaintiff's reliance on *Barry v. Firstsource Sols. USA, LLC,* is similarly misplaced, as that case is also not analogous. *See* 2025 WL 1762289, at *3 (W.D. Ky. June 25, 2025) (caller used a specific person's name on multiple calls, and it "was said in a distinct manner that sounded different than the rest of the prerecorded message").

In *Vaccaro v. CVS Pharmacy, Inc.*, 2013 WL 3776927 (S.D. Cal. July 16, 2013) and *Mata v. Veros Credit, LLC*, 2017 WL 2644633 (C.D. Cal. Jan. 20, 2017), both courts relied on *Johansen v. Vivant, Inc.*, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012), for the propositions that "using an artificial or prerecorded voice is a factual allegation rather than a legal conclusion" and a bare allegation a call is prerecorded is sufficient

to survive dismissal. *See* 2013 WL 3776927, at *2; 2017 WL 2644633, at *4. But those courts misapprehended the core holding in *Johansen*, where the court qualified its language: "Use of an ATDS and the pre-recorded nature of the messages are not legal conclusions, they are facts. ***Still, when a fact is itself an element of the claim, as is the case here, it is not sufficient to recite that fact verbatim without other supporting details.***" 2012 WL 6590551, at *3 (emphasis added). This oversight by the courts in *Vaccaro* and *Mata* is critical, and shows they have no persuasive value.

Perhaps of even less persuasive value are the opinions in *Bonoan* and *Rahn*, where courts did not cite any case law at all for their holdings on this issue. *See Rahn v. Bank of Am., N.A.,* 2016 WL 7325657, at *4 (N.D. Ga. June 24, 2016) and *Bonoan v. Adobe, Inc.,* 2019 WL 5690631, at *1 (N.D. Cal. Oct. 29, 2019). In *Greene v. Select Funding, LLC,* the plaintiff alleged he answered the call and interacted with the caller, where the caller asked him questions and still kept speaking after he indicated that he was not the intended recipient, and then ended the call abruptly. *See* 2021 WL 4926495 (C.D. Cal. Feb. 5, 2021). Plaintiff pleads no such contextual details here.

In *Van Baalen*, the court somehow inferred the plaintiff had "received identical, prerecorded calls" based solely on one wholly conclusory allegation that unidentified callers "left a generic, standardized prerecorded message in Plaintiff's phone's voice-mail.'" *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1249 (D.N.M. 2024). If that extreme inferential leap were not bad enough, the court rejected the

5

defendant's argument that the plaintiff needed to plead contextual details about the subject calls to support an inference they were prerecorded. *Id*. Myriad courts have ruled differently on this, as the Motion shows. Thus, *Van Baalen* is just an outlier.

Lastly, in *Cabral v. Penske Truck Leasing Co. LP,* the court declined to dismiss merely because the plaintiff conclusorily alleged other "'consumers have posted recordings on the Internet of the same robocall received by Plaintiff.'" 2024 WL 1916701, at *6 (M.D. Pa. May 1, 2024). That holding also stands in stark contrast to the many well-reasoned decisions cited in the Motion, making *Cabral* another outlier.

## II.     **Plaintiff's Facially Uncertifiable Class Allegations Should Be Stricken.**

Even though Plaintiff's counterarguments as to Credit Acceptance's alternative motion to strike her faulty class allegations fail for many reasons, Credit Acceptance will highlight the most important ones here. **First**, despite what Plaintiff suggests (*see* ECF No. 15, PageID.139), this Court is not restricted to the four corners of a complaint for a Rule 12(f) motion. *See* Fed. R. Civ. P 12(d); *Van Loo v. Cajun Operating* Co., 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014). **Second**, Plaintiff's Response also does not address the impermissibly "fail-safe" nature of her class allegations, as argued in the Motion (*see* ECF No. 13, PageID.121-123), thereby conceding that point, too. *See, e.g., Buckner, supra.* **Third**, Plaintiff relies almost exclusively on out-of-circuit decisions for her arguments here, whereas the Motion shows that courts in the Sixth Circuit have not had the same reluctance to

6

strike facially-uncertifiable TCPA class allegations like Plaintiff's at the pleadings stage. *See* ECF No. 13, PageID.115-122. The Response gives this Court no reason to rule any differently than its many sister courts in this Circuit have in this regard. **Fourth**, the Court's determination of whether a number is or was "assigned to a Credit Acceptance Corporation accountholder"—which is a key component of the proposed class definition and certainly a highly context-specific issue relating to consent—will undoubtedly require individualized legal and factual determinations, precluding Plaintiff from meeting the Rule 23 predominance requirement, as the Motion shows. *Id.*, PageID.118-120. Nothing in the Response shows otherwise.

### III.    Plaintiff Concedes Credit Acceptance's Remaining Arguments.

Finally, Plaintiff withdrew her request for injunctive relief. *See* ECF No. 15, PageID.159. And her Response does not show where there are any ***actual facts*** pled in the FAC showing a knowing/willful violation (as required), or even address (thereby also conceding) Credit Acceptance's arguments regarding her failure to properly allege a vicarious TCPA liability theory, and for a dismissal with prejudice. *See* ECF No. 13, PageID.112-115. Thus, the Motion should be granted on these points.

Dated: July 15, 2025                                Respectfully submitted,

By: /s/ A. Paul Heeringa
A. Paul Heeringa (IL Bar No. 6288233)
**MANATT, PHELPS & PHILLIPS, LLP**
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
Phone: 312.529.6300
Email: pheeringa@manatt.com
***Counsel for Defendant***

## **STATEMENT OF CONCURRENCE**

As noted in the opening Motion, the Parties have properly conferred in advance of this filing, and were unable to reach an agreement on the relief requested.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 15, 2025, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means on all parties and their respective counsel of record.

*s/ A. Paul Heeringa*

A. Paul Heeringa

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORP.,<br><br>Defendant. | Case No. 2:25-cv-10985-LJM-CI<br>Honorable Laurie J. Michelson |

**BRIEF FORMAT CERTIFICATION FORM**

    I, A. Paul Heeringa, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

Dated: July 15, 2025                    Respectfully submitted,

                                                  By: /s/ A. Paul Heeringa

                                                  ***Counsel for Defendant***