UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY CARR, on behalf of herself and others similarly situated,

Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

Defendant.

Case No. 2:25-cv-10985-LJM-CI

Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

## JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN

A Rule 16 Scheduling Conference is scheduled for **March 27, 2026** at **9:00 a.m**.

1. **Related Cases:** None.

2. **Jurisdiction:** Based on Plaintiff Kimberly Carr's ("Plaintiff") claims and allegations, this Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331. There are no pendent state law claims.

3. **Venue:** Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Credit Acceptance Corporation ("Credit Acceptance") is located in this district.

4. **Factual Summary:**

   This is a proposed class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff contends that Credit Acceptance violated the TCPA by placing one or more calls, in connection with which it used an artificial or prerecorded voice, to her cellular telephone without her prior express consent. *See* ECF No. 12. More specifically, Plaintiff alleges that Credit Acceptance placed calls to her cellular telephone number even

though she did not have an account with Credit Acceptance or otherwise provide her consent to Credit Acceptance. Plaintiff brings her claims on behalf of herself and others similarly situated.

Credit Acceptance denies Plaintiff's allegations and contends that neither Plaintiff nor any of the other putative class members are entitled to any relief, under the TCPA or otherwise. Credit Acceptance asserts several defenses, including, among others, that Credit Acceptance had prior express consent to place calls to the telephone number at issue, which was associated with a Credit Acceptance account. Credit Acceptance also asserts that the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure because, *inter alia*, the class is not ascertainable and because individual issues of fact and law will predominate over common ones.

The core factual issues here are whether Credit Acceptance placed calls to Plaintiff's cellular telephone with an artificial or prerecorded voice and, if so, whether Credit Acceptance had consent to do so.

5. **Legal issues:** The two central legal issues here are (i) whether Credit Acceptance had legally sufficient consent to place calls to Plaintiff's cellular telephone number with an artificial or prerecorded voice, and (ii) whether Plaintiff can satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

6. **Amendment of Pleadings:** The parties do not currently anticipate further amendment of the pleadings. Unless a party amends a pleading as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, amended pleadings may not be filed without leave of the Court.

7. **Discovery:**

   (a) <u>Plaintiff</u>: Plaintiff intends to seek discovery regarding the calls Credit Acceptance placed to her cellular telephone number, the members of the proposed class, the number of artificial or prerecorded messages delivered to Plaintiff and those class members, the nature of the calls, evidence to support her motion for class certification under Rule 23 of the Federal Rules of Civil Procedure, and evidence regarding Credit Acceptance's asserted defenses. Plaintiff anticipates retaining at least one expert witness to potentially analyze Credit Acceptance's call data and to opine as to how notice will be provided to potential class members.

<u>Defendant</u>: Credit Acceptance intends to seek discovery regarding (i) Plaintiff's attainment of the telephone number alleged in the Amended Complaint; (ii) any calls or artificial or prerecorded voice messages that Plaintiff claims to have received from Credit Acceptance; and (iii) evidence to oppose Plaintiff's anticipated motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Credit Acceptance anticipates retaining at least one expert witness to potentially rebut the analysis and opinions offered by Plaintiff's expert witness. Based on Plaintiff's alleged class definition, Credit Acceptance anticipates that Plaintiff will seek discovery that is not proportional to the needs of the case, particularly considering whether the burden and expense of the proposed discovery will outweigh its likely benefit.

(b) Plaintiff will seek discovery commensurate with that ordered to be produced in analogous TCPA class actions, namely call logs and records associated with potential class members, discovery regarding calls placed to Plaintiff, and discovery relevant to Credit Acceptance's affirmative defenses.

As set forth above in Paragraph 7(a), Credit Acceptance will seek discovery that is proportional to Plaintiff's claims and Credit Acceptance's defenses. Credit Acceptance anticipates that the discovery Plaintiff will seek, including to potentially identify putative class members prior to class certification, will be outside the permissible scope of discovery at this stage of the proceedings.

(c) Plaintiff's three key witnesses will be herself, a records custodian from her wireless carrier, and her expert. Plaintiff also intends to take Credit Acceptance's deposition pursuant to Rule 30(b)(6).  Plaintiff has already provided Credit Acceptance with a copy of a voicemail message she received from Credit Acceptance and that is referenced in her amended complaint.

Credit Acceptance's key witnesses will be one or two Credit Acceptance employees familiar with Defendant's policies and procedures with respect to communicating with accountholders and complying with the TCPA and its expert witness.  Credit Acceptance also intends to take Plaintiff's deposition.

The parties plan to exchange initial disclosures within 14 days after their Rule 26(f) conference consistent with Rule 26(a)(1)(C) of the Federal Rule of Civil Procedure.

(d) Pursuant to Rule 26(a)(1)(C), the parties exchanged initial disclosures on March 20, 2026.

(e) The parties anticipate needing a protective order governing the production of confidential documents, upon which the parties will meet and confer. The parties will submit a proposed order for this Court's consideration by April 10, 2026.

8.  **Electronic Discovery:** The parties have discussed ESI production and possible ESI protocol but have not reached an agreement regarding whether implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information is warranted.

9.  **Settlement:** The parties are not interested in Case Evaluation or alternative dispute resolution at this stage. Plaintiff submits that to properly evaluate the prospects for settlement, discovery is needed regarding the number of potential class members. Credit Acceptance is willing to engage in good-faith settlement discussions with Plaintiff.

10. **Consent:** The parties do not jointly consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* ECF No. 24.

11. **Trial:** This case is to be tried before a jury. The parties estimate trial will take 4 days. If a class is certified, the parties can be ready for trial approximately 6 months after the Court certifies the class, to allow sufficient time to disseminate class notice and to allow class members to exclude themselves should they choose to do so. If a class is not certified, the parties can be ready for trial approximately 3 months after class certification is denied.

12. **Miscellaneous:**

    This is a proposed class action. Plaintiff proposes filing her motion for class certification by March 26, 2027. In addition, the parties propose the following case deadlines:

| EVENT | DEADLINE |
|---|---|
| Amendment of pleadings | April 10, 2026 |
| Interim Status Conference | August 6, 2026 |
| Witness Lists Filed (lay and expert) | November 20, 2026 |
| Discovery Completed By | January 22, 2027 |
| Expert Discovery Completed By | March 5, 2027 |
| Dispositive Motions Filed By | March 26, 2027 |
| Challenges to Experts | March 26, 2027 |
| Motions *in Limine* | June 25, 2027 |
| Joint Proposed Final Pretrial Order (and pretrial submissions) | July 23, 2027 |
| Final Pretrial Conference | August 6, 2027 |
| Jury Trial | August 16, 2027 |
| Estimated Length of Trial | 4 days |

RESPECTFULLY SUBMITTED AND DATED this March 20, 2026.

*s/ Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:  (561) 826-5477
Email:  mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

5

Hingham, MA 02043
Telephone:  (617) 485-0018
Email:  anthony@paronichlaw.com

George T. Blackmore (P76942)
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
Telephone:  (888) 835-2993
Email:  george@blackmore.law

*Attorneys for Plaintiff and the Proposed Class*


 */s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.
Meredith C. Slawe
Patrick G. Rideout
Christopher R. Fredmonski
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
patrick.rideout@skadden.com
christopher.fredmonski@skadden.com

Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

*Attorneys for Defendant
Credit Acceptance Corporation*