UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**CREDIT ACCEPTANCE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Credit Acceptance Corporation ("Credit Acceptance") by its undersigned counsel, answers Plaintiff Kimberly Carr's First Amended Class Action Complaint (ECF No. 12, the "Complaint") as follows:

On February 4, 2026, the Court dismissed Plaintiff's claim for a "willfull[]" or "knowing[]" violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3).  (ECF No. 18, PageID.181-83.)  To the extent any of the Paragraphs of the Complaint are relevant solely to this dismissed claim, Credit Acceptance respectfully submits that no response is required.  If a response is deemed required, Credit Acceptance denies those allegations.

To the extent the Paragraphs of the Complaint are grouped under headings, Credit Acceptance responds generally that such headings, which are repeated below for convenience only, contain legal conclusions to which no response is required. If a response is deemed required, Credit Acceptance denies each of the headings in the Complaint.

Credit Acceptance denies all allegations not specifically admitted herein, and further denies that Plaintiff is entitled to any relief.

### Nature of this Action

1. Credit Acceptance admits that Plaintiff purports to bring this action on behalf of herself and on behalf of the putative class alleged in Paragraph 51. Credit Acceptance otherwise denies the allegations in Paragraph 1.

2. Credit Acceptance denies the allegations in Paragraph 2.

3. Credit Acceptance denies the allegations in Paragraph 3.

### Jurisdiction and Venue

4. Paragraph 4 states a legal conclusion to which no response is required. If a response is deemed required, Credit Acceptance does not contest that the Court has federal-question jurisdiction in this case.

5. Credit Acceptance admits that it is headquartered in this District. The remainder of Paragraph 5 states a legal conclusion to which no response is

2

required.  If a response is deemed required, Credit Acceptance does not contest that venue is proper in this District.

6.      Credit Acceptance denies the allegations in Paragraph 6.

**Parties**

7.      Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and thus denies those allegations.

8.      Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is deemed required, Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and thus denies those allegations.

9.      Credit Acceptance admits the allegations in Paragraph 9.

10.     Paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Credit Acceptance admits that it is a corporation.  Credit Acceptance otherwise denies the allegations in Paragraph 10.

11.     Credit Acceptance admits that it is an auto finance company.  Credit Acceptance otherwise denies the allegations in Paragraph 11.

12.     Credit Acceptance denies the allegations in Paragraph 12.

**Factual Allegations**

13.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and thus denies those allegations.

14.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and thus denies those allegations.

15.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 15, and thus denies those allegations.

16.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and thus denies those allegations.

17.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and thus denies those allegations.

18.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and thus denies those allegations.

19.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and thus denies those allegations.

20.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and thus denies those allegations.

21.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and thus denies those allegations.

22.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and thus denies those allegations.

23.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and thus denies those allegations.

24.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and thus denies those allegations.

25.     Credit Acceptance admits that it places calls from telephone number (628) 222-7839.  Credit Acceptance otherwise lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 25, and thus denies those allegations.

26.     Credit Acceptance admits the allegations in Paragraph 26.

27.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and thus denies those allegations.

28.     Credit Acceptance admits the allegations in Paragraph 28.

29.     Credit Acceptance admits the allegations in Paragraph 29.

30.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and thus denies those allegations.

31.     Credit Acceptance admits the allegations in Paragraph 31.

32.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and thus denies those allegations.

33.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and thus denies those allegations.

34.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and thus denies those allegations.

35.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and thus denies those allegations.

36.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and thus denies those allegations.

37.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and thus denies those allegations.

38.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and thus denies those allegations.

39.    Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and thus denies those allegations.

40.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and thus denies those allegations.

41.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and thus denies those allegations.

42.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and thus denies those allegations.

43.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and thus denies those allegations.

44.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and thus denies those allegations.

45.   Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and thus denies those allegations.

46.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and thus denies those allegations.

47.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and thus denies those allegations.

48.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and thus denies those allegations.

49.     Credit Acceptance denies the allegations in Paragraph 49.

50.     Credit Acceptance denies the allegations in Paragraph 50.

### Class Action Allegations

51.     Credit Acceptance admits that Plaintiff purports to bring this action on behalf of herself and on behalf of the putative class alleged in Paragraph 51. Credit Acceptance otherwise denies the allegations in Paragraph 51.

52.     Credit Acceptance admits that Plaintiff purports to bring this action on behalf of herself and on behalf of the putative class alleged in Paragraph 51 and that she has purported to exclude from the putative class the persons identified in Paragraph 52.  Credit Acceptance otherwise denies the allegations in Paragraph 52.

53.     Paragraph 53 states a legal conclusion to which no response is required.  If a response is deemed required, Credit Acceptance denies the allegations in Paragraph 53.

54.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and thus denies those allegations.

55.     Credit Acceptance denies the allegations in Paragraph 55.

56.     Credit Acceptance denies the allegations in Paragraph 56.

57.     Credit Acceptance denies the allegations in Paragraph 57.

58.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and thus denies those allegations.

59.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and thus denies those allegations.

60.     Credit Acceptance denies the allegations in Paragraph 60.

61.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and thus denies those allegations.

62. Credit Acceptance denies that Plaintiff or any members of the putative class suffered any injuries. Credit Acceptance otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and thus denies those allegations.

63. Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and thus denies those allegations.

64. Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and thus denies those allegations.

65. Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and thus denies those allegations.

66. Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and thus denies those allegations.

67. Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and thus denies those allegations.

68.     Credit Acceptance lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and thus denies those allegations.

69.     Paragraph 69 states a legal conclusion to which no response is required.  If a response is deemed required, Credit Acceptance denies the allegations in Paragraph 69.

70.     Paragraph 70 states a legal conclusion to which no response is required.  If a response is deemed required, Credit Acceptance denies the allegations in Paragraph 70.

71.     Paragraph 71 states a legal conclusion to which no response is required.  If a response is deemed required, Credit Acceptance denies the allegations in Paragraph 71.

72.     Credit Acceptance denies the allegations in Paragraph 72.

73.     Credit Acceptance denies the allegations in Paragraph 73.

74.     Credit Acceptance denies the allegations in Paragraph 74.

75.     Credit Acceptance denies the allegations in Paragraph 75.

76.     Credit Acceptance denies the allegations in Paragraph 76.

77.     Credit Acceptance denies the allegations in Paragraph 77.

78.     Credit Acceptance denies the allegations in Paragraph 78.

79.     Paragraph 79 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Credit Acceptance denies the allegations in Paragraph 79.

## Count I
## Violation of 47 U.S.C. 227(b)(1)(A)(iii)

80.     Credit Acceptance repeats its responses to the allegations in Paragraphs 1-79 as if fully set forth herein.  Insofar as those allegations have not been specifically admitted, Credit Acceptance denies them.

81.     Credit Acceptance denies the allegations in Paragraph 81.

82.     Credit Acceptance denies the allegations in Paragraph 82.

## Prayer for Relief

The Court dismissed Plaintiff's claim for treble damages under 47 U.S.C. § 227(b)(3).  (ECF No. 18, PageID.181-83.)  Credit Acceptance otherwise denies that Plaintiff is entitled to any other relief.

\*       \*       \*

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burdens of production or proof that belong to Plaintiff or any of the putative class members, Credit Acceptance asserts the following affirmative and other defenses to the Complaint.  Credit Acceptance expressly reserves the right to amend this Answer and assert additional defenses if discovery

13

shows that such defenses would be appropriate.  For its affirmative and other defenses, Credit Acceptance states as follows:

1.      The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, because any telephone calls made by Credit Acceptance were made with prior express consent.

2.      The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, because none of Plaintiff or the other putative class members is a "called party" under the TCPA.

3.      The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, because Credit Acceptance did not make calls using an artificial or prerecorded voice.

4.      The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, to the extent that any revocation of prior express consent to receive telephone calls from Credit Acceptance was not made in a reasonable manner.

5.      The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, because Plaintiff and the other putative class members suffered no actual concrete injury, and thus lack Article III standing.

6. The claims of Plaintiff and the other putative class members are barred, in whole or in part, to the extent that the called party was not charged for calls placed to the called party's telephone number.

7. Plaintiff's claim for treble damages is barred because Credit Acceptance did not willfully or knowingly violate the TCPA. Indeed, the Court has already dismissed Plaintiff's claim for treble damages. (ECF No. 18, PageID.181-83.)

8. Plaintiff's putative class claims are barred because any award of aggregate statutory damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the Eight Amendment to the United States Constitution (including as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution).

9. The claims of Plaintiff and the other putative class members are barred, in whole or in part, because any alleged acts or omissions giving rise to those claims were the result of an innocent mistake or *bona fide* error notwithstanding reasonable procedures implemented by Credit Acceptance to avoid any such acts or omissions, and Credit Acceptance at all times acted in good faith and in a reasonable manner in connection with any actions or omissions at issue in this litigation.

15

10.     The claims of Plaintiff and the other putative class members are barred, in whole or in part, by the statute of limitations or the doctrine of laches.

11.     The claims of Plaintiff and the other putative class members are barred, in whole or in part, by the doctrines of waiver, ratification, unclean hands, or estoppel.

12.     The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, because the TCPA's restriction on making calls using an artificial or prerecorded voice violates the First Amendment to the United States Constitution (including as incorporated by the Due Process Clause of the Fourteenth Amendment of the United States Constitution).

13.     The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, for failure to join one or more indispensable parties who may be responsible for the injuries alleged in the Complaint.

14.     The claims of Plaintiff and those of the other putative class members are barred, in whole or in part, to the extent they are subject to arbitration agreements with class-action waivers.

WHEREFORE, Credit Acceptance requests that the Complaint be dismissed with prejudice and that the Court issue an order awarding Credit Acceptance its costs of suit, including attorneys' fees, and all other relief that the Court may deem just and proper.

16

Dated:  March 20, 2026

Respectfully submitted,

 /s/ Michael W. McTigue Jr.
Michael W. McTigue Jr.
Meredith C. Slawe
Patrick G. Rideout
Christopher R. Fredmonski
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
patrick.rideout@skadden.com
christopher.fredmonski@skadden.com

Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@swkinglaw.com

*Attorneys for Defendant*
*Credit Acceptance Corporation*

17