UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

## AGREED CONFIDENTIALITY ORDER

Pursuant to Local Rule 7.1(a)(1) and Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this Agreed Confidentiality Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "Documents"), shall be subject to this Order concerning Confidential Information (as defined below).  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  Information or Documents that are available to the public may not be designated as Confidential Information.

3.      **Designation.**  A party may designate a Document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Document and on all copies in a manner that will not interfere with the legibility of the Document.  As used in this Order, "copies" include electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the Documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a

2

Document does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any Documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of Documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4.      **Depositions.**  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following:  No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In addition, unless and until the putative class has been certified, Confidential Information may not be disclosed to any members of the putative class other than Plaintiff.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of Documents or organizing or processing

Documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient.  The author or recipient of the Document (not including a person who received the Document in the course of litigation); and

(9)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a Document as Confidential Information does not, standing alone, waive the right to so designate the Document; provided, however, that a failure to serve a

timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a Document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.     **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any Document under seal. Any party wishing to file a Document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.3.

8.     **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.     **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject

6

to challenge by any party.  The following procedure shall apply to any such challenge.

(a)    **Meet and Confer.**  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)    **Judicial Intervention.**  If the parties require judicial intervention to resolve a dispute about the designation of Confidential Information, they are required to contact the Court prior to filing a motion.  The Court will hold a telephone conference to mediate the dispute, and, if the parties cannot reach an agreement there, the party challenging a confidentiality designation may file a motion.  Any motion filed prior to a telephone conference with the Court will be stricken.  In the event motion practice is permitted, the burden of persuasion shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any Document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or Document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

13.    **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be destroyed by the receiving party unless the Document has been offered into evidence or filed without restriction as to disclosure.

(c)     **Retention of Work Product and One Set of Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all Documents filed with the Court, including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party.

15.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating

10

discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Document or issue.

16.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Dated: April 13, 2026

<u>s/Laurie J. Michelson</u>
LAURIE J. MICHELSON
United States District Judge

11

WE SO MOVE
and agree to abide by the terms of this
Order.


Dated:  April 10, 2026


/s/ *Michael L. Greenwald*
Michael L. Greenwald
GREENWALD DAVIDSON
   RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
mgreenwald@gdrlawfirm.com


Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com


George T. Blackmore (P76942)
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
(888) 835-2993
george@blackmore.law


*Attorneys for Plaintiff*

WE SO MOVE
and agree to abide by the terms of this
Order.


 /s/ *Patrick G. Rideout*
Michael W. McTigue Jr.
Meredith C. Slawe
Patrick G. Rideout
Christopher R. Fredmonski
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
patrick.rideout@skadden.com
christopher.fredmonski@skadden.com


Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@swkinglaw.com


*Attorneys for Defendant*
*Credit Acceptance Corporation*


12

**Attachment A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**ACKNOWLEDGMENT OF
UNDERSTANDING AND AGREEMENT TO BE BOUND**

I have received a copy of the Agreed Confidentiality Order (the "Order") entered in the above-captioned action. I have carefully read the Order and understand its terms, and I agree to be fully bound by them. I will not disclose or use any Confidential Information (as defined in the Order) for any purposes other than those permitted by the Order. I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order.

Dated: _____          _____