UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**JOINT MOTION TO EXTEND**
**DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

Pursuant to Sections II(C) and III of the Court's Case Management Requirements, Local Rules 5.1 and 7.1, and Rule 16(b) of the Federal Rules of Civil Procedure, plaintiff Kimberly Carr and defendant Credit Acceptance Corporation jointly move to extend the current discovery and dispositive motion deadlines by 90 days in furtherance of a private facilitation scheduled for November 30, 2026. Specifically, the parties respectfully request that the Court enter an amended scheduling order with the following revised deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Witness Lists Filed | October 23, 2026 | January 21, 2027 |
| Plaintiff's Expert Disclosures | November 16, 2026 | February 16, 2027 |
| Fact Discovery Completed | November 24, 2026 | February 22, 2027 |
| Defendant's Expert Disclosures | December 16, 2026 | March 16, 2027 |
| Rebuttal Expert Disclosures | January 5, 2027 | April 5, 2027 |
| Expert Discovery Completed | February 5, 2027 | May 6, 2027 |
| Dispositive Motions Filed and Challenges to Experts | March 5, 2027 | June 3, 2027 |
| Final Pretrial Conference | TBD | TBD |
| Jury Trial | TBD | TBD |
| Estimated Length of Trial | 1 week | 1 week |

The specific bases and authority for this joint motion are more fully set forth in the brief contained below. Pursuant to Section III(A) of the Court's Case Management Requirements, a Brief Format Certification Form is appended to the back of the brief.

Dated: September 4, 2026

/s/ *Michael L. Greenwald* (with consent)
Michael L. Greenwald
GREENWALD DAVIDSON
RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

George T. Blackmore (P76942)
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
(888) 835-2993
george@blackmore.law

Dana J. Oliver (291082)
Oliver Law Center, Inc.
8780 19th Street, #559
Rancho Cucamonga, CA 91701
(855) 384-3262
dana@danaoliverlaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

*/s/ Meredith C. Slawe*
Michael W. McTigue Jr.
Meredith C. Slawe
Patrick G. Rideout
Christopher R. Fredmonski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
michael.mctigue@skadden.com
patrick.rideout@skadden.com
meredith.slawe@skadden.com
christopher.fredmonski@skadden.com

Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

Brendan H. Frey (P70893)
Frey Law, PLLC
63 Kercheval, Suite 10
Grosse Pointe Farms, MI 48236
(313) 985-0021
brendan@freylawmi.com

*Attorneys for Defendant*
*Credit Acceptance Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**BRIEF IN SUPPORT OF JOINT MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

# ISSUE PRESENTED

Whether the Court should modify the Scheduling Order dated March 27, 2026 (ECF No. 30, PageID.238-39) to extend the discovery and dispositive motion deadlines by 90 days in furtherance of the parties' scheduled private facilitation?

The parties respectfully say: YES.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 16(b)(4)

*Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002)

*Marketing Displays International v. Shaw*, 93 F.4th 967 (6th Cir. 2024)

*Lee v. Flint Community School*, No. 23-cv-12855, 2026 WL 2364553 (E.D. Mich. Aug. 14, 2026)

## INTRODUCTION

This is a putative class action arising under the Telephone Consumer Protection Act. On March 27, 2026, the Court entered a Scheduling Order providing for, among other things, (i) fact discovery to be completed by November 24, 2026, (ii) expert discovery to be completed by February 5, 2027, and (iii) dispositive motions and challenges to experts to be filed by March 5, 2027. (*See* ECF No. 30, PageID.238-39.) The parties have diligently pursued discovery, including by exchanging initial disclosures and responses to written discovery requests, producing requested documents, conferring on various discovery issues, obtaining documents through a third-party subpoena, and noticing the depositions of Credit Acceptance and Plaintiff for September 15 and 25, 2026, respectively.

During the interim status conference with the Court on July 8, 2026 (*see id.*, PageID.238), the Court raised whether the parties would consider pursuing a negotiated resolution, either through a private facilitation or through a settlement conference with the Court. Thereafter, the parties agreed to participate in a private facilitation with the Honorable Diane M. Welsh (Ret.) on November 30, 2026, which is Judge Welsh's first-available date. Based on the scheduled private facilitation, the parties respectfully submit that there is good cause to extend the current discovery and dispositive motion deadlines by 90 days to conserve party resources and avoid potentially unnecessary discovery. In this regard, the parties

have agreed to defer the presently noticed depositions until after the scheduled private facilitation.[1]

**ARGUMENT**

The Court may modify the Scheduling Order "for good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). Courts in this District routinely amend scheduling orders to permit the parties to facilitate settlement discussions and efforts to mediate. *See, e.g.*, *Lee v. Flint Cmty. Sch.*, No. No. 23-cv-12855, 2026 WL 2364553, at *1-2 (E.D. Mich. Aug. 14, 2026); *RJ Control Consultants, Inc. v. Multiject, LLC*, No. 16-10728, 2022 WL 163614, at *4 (E.D. Mich. Jan. 18, 2022).

For example, in *RJ Control Consultants*, the court issued an order extending the discovery completion date and dispositive motion filing deadline based on the parties' "desire to complete the [scheduled] mediation before completing their outstanding discovery tasks." 2022 WL 163614, at *4. Similarly, in *Lee*, despite granting three prior discovery extensions, including to "accommodate the holiday

---

[1] Pursuant to Section IV of the Court's Case Management Requirements, details concerning the scheduled private facilitation are set forth in the accompanying Order for Facilitation.

schedule and allow time to conduct key discovery and undergo mediation," the court still found good cause to extend the discovery cut-off a fourth time to allow the plaintiff to depose the named defendants after the mediation proved unsuccessful. 2026 WL 2364553, at *1-2.

Here, there is good cause to extend the discovery cut-offs and dispositive motion deadlines by 90 days. "Public policy strongly encourages the settlement of disputes." *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 2:07-cv-15324, 2010 WL 11706906, at *2 (E.D. Mich. Mar. 3, 2010) (citing *Arco Corp. v. Allied Witan Co.*, 531 F.3d 1368, 1372 (6th Cir. 1976)); *see also Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 973 n.1 (6th Cir. 2024) ("Courts historically have counted on the resolution of disputes to conserve limited judicial resources." (citation omitted)). The requested extension of the case management deadlines is not for reasons of delay or to prejudice any party, but rather to allow the parties to efficiently pursue a potential negotiated resolution of this matter at the agreed-upon facilitator's first-available date and potentially avoid the burden and expense of preparing for, taking, and defending depositions that may become unnecessary if the private facilitation is successful. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and *inexpensive* determination of every action and proceeding." (emphasis added)). And if the private facilitation is unsuccessful, the requested

extension will give the parties sufficient time to complete any remaining discovery and prepare any dispositive motions, taking into account witness availability during the winter holiday season. *Cf. Lee*, 2026 WL 2364553, at *1.

Moreover, the parties have been diligent in attempting to meet the Scheduling Order's requirements. *See Inge*, 281 F.3d at 625. Specifically, the parties have exchanged initial disclosures, engaged in written discovery (including requests for production, interrogatories, and requests for admission), produced documents, conferred on various discovery issues, obtained documents pursuant to a third-party subpoena to Plaintiff's mobile phone carrier, and noticed and scheduled depositions of Plaintiff and Credit Acceptance. This is also the parties' first request for an extension of the case management deadlines, and it is being made well in advance of any impending deadlines. *See Lee*, 2026 WL 2364553, at *2 ("This is not a situation where [plaintiff] seeks to extend discovery long after the deadline[.]"). In addition, trial in this case has not yet been scheduled, so the requested extension will not impact the Court's trial calendar. Finally, no prejudice will result to either party as a result of the requested extension, as neither party opposes modification of the Scheduling Order. *See Inge*, 281 F.3d at 625 (courts should consider "possible prejudice to the party opposing the modification").

## CONCLUSION

For these reasons, the parties respectfully request that the Court amend the Scheduling Order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact Witness Lists Filed | October 23, 2026 | January 21, 2027 |
| Plaintiff's Expert Disclosures | November 16, 2026 | February 16, 2027 |
| Fact Discovery Completed | November 24, 2026 | February 22, 2027 |
| Defendant's Expert Disclosures | December 16, 2026 | March 16, 2027 |
| Rebuttal Expert Disclosures | January 5, 2027 | April 5, 2027 |
| Expert Discovery Completed | February 5, 2027 | May 6, 2027 |
| Dispositive Motions Filed and Challenges to Experts | March 5, 2027 | June 3, 2027 |

Dated: September 4, 2026

Respectfully submitted,

*/s/ Michael L. Greenwald* (with consent)
Michael L. Greenwald
GREENWALD DAVIDSON
RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
mgreenwald@gdrlawfirm.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

George T. Blackmore (P76942)
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
(888) 835-2993
george@blackmore.law

Dana J. Oliver (291082)
Oliver Law Center, Inc.
8780 19th Street, #559
Rancho Cucamonga, CA 91701
(855) 384-3262
dana@danaoliverlaw.com

*Attorneys for Plaintiff*

*/s/ Meredith C. Slawe*
Michael W. McTigue Jr.
Meredith C. Slawe
Patrick G. Rideout
Christopher R. Fredmonski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
michael.mctigue@skadden.com
patrick.rideout@skadden.com
meredith.slawe@skadden.com
christopher.fredmonski@skadden.com

Stephen W. King (P56456)
KING & ASSOCIATES, PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

Brendan H. Frey (P70893)
Frey Law, PLLC
63 Kercheval, Suite 10
Grosse Pointe Farms, MI 48236
(313) 985-0021
brendan@freylawmi.com

*Attorneys for Defendant*
*Credit Acceptance Corporation*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY CARR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No. 25-10985<br><br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**BRIEF FORMAT CERTIFICATION FORM**

I, Meredith C. Slawe, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Meredith C. Slawe*

Dated: September 4, 2026